# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KAREN WORLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-00014-CV-W-FJG |
| | ) |
| CREDIT ACCEPTANCE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court are Defendant's Rule 12 Motions (Doc. No. 4).

**I.    Background**

Plaintiff, a Missouri resident, brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Plaintiff alleges that defendant is a "debt collector" as that term is defined by 15 U.S.C § 1692a(6), and that defendant's principal business is the collection of debts using the mails and telephone. Plaintiff alleges that she had an account that was not paid and went into default, and that sometime after the account went into default, the debt was assigned, placed or otherwise transferred to the defendant for collection. Plaintiff indicates that in the year prior to the filing of the instant action, plaintiff received telephone calls from defendant (or its representatives/employees/agents) that violated provisions of the FDCPA, including calls where (1) defendant caused plaintiff's telephone to continuously ring with the intent to annoy, abuse and harass plaintiff; (2) defendant repeatedly engaged plaintiff in conversation with the intent to annoy, abuse and harass plaintiff; and (3) defendant failed to meaningfully disclose its identity during telephone calls.

## II. Motion to Dismiss under Rule 12(b)(6)

In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the "no set of facts" language from <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

<u>Id</u>. at 1964-65 (internal citations and quotations omitted). The Court went on to note that, "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." <u>Id</u>. at 1965 (internal citations and quotations omitted). The Court emphasized that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, the complaint must be dismissed." <u>Id</u>. at 1974. "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." <u>Silver v. H&R Block, Inc.</u>, 105 F.3d 394, 397 (8th Cir. 1997).

Defendant argues that plaintiff's case must be dismissed, as defendant is not a "debt collector" under the plain meaning of the FDCPA. Defendant provides a "factual background," without citation to any evidence which could be considered on a motion to dismiss, indicating that defendant is in the business of financing the purchase of

2

automobiles, and the purchaser of automobiles acknowledges in a contract signed at the time of purchase that defendant will be assigned the retail installment contract by automobile dealers shortly after the purchase of the automobile. Defendant notes that it therefore becomes the consumer's creditor. Under 15 U.S.C. § 1692(a)(6), a "debt collector" is a person who regularly collects or attempts to collect the debts owed to another. A debt collector is not a person who attempts to collect a debt owed to itself. See Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985). Defendant also notes that it has previously been found to be not a debt collector under the FDCPA. See Wadlington v. Credit Acceptance Corp., 76 F.3d 103 (1996) (affirming District Court's finding in its order on summary judgment that Credit Acceptance Corporation was not a debt collector as to plaintiff).

Plaintiff argues that defendant has not demonstrated that it is not a debt collector as to plaintiff. Plaintiff notes that defendant's business could have changed between 1996 (the date of the Wadlington decision) and now. Plaintiff further notes that defendant has offered no evidence to refute plaintiff's allegations, which must be taken as true on a motion to dismiss under Rule 12(b)(6). Plaintiff also asserts that defendant appears to be a regular FDCPA defendant in a search of federal cases on PACER.

The Court finds that defendant's motion to dismiss (Doc. No. 4) must be **DENIED** under the circumstances. Upon the record before it, the Court cannot find that defendant is not a "debt collector" under the act, as the Court cannot determine the exact relationship between plaintiff and defendant. If defendant wishes to demonstrate that it is plaintiff's creditor (and therefore unable to be held liable under the FDCPA), defendant should file a properly supported motion for summary judgment.

## III. Motion for More Definite Statement

Under Fed. R. Civ. P. 8(a), the notice pleading standard of requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." If, however, a pleading fails to specify the allegations in a manner that provides sufficient notice, Fed. R. Civ. P. 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." See <u>Swieriewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002). Rule 12(e) is designed to remedy unintelligibility in a pleading rather than lack of detail. See <u>Whitehead v. City of St. Louis</u>, No. 4-09CV483, 2009 WL 4430699, *1 (E.D. Mo. Nov. 24, 2009).

Defendant moves for a more definite statement, arguing the plaintiff's allegations are so vague and ambiguous that a response cannot reasonably be prepared. Defendant indicates that plaintiff's complaint does not answer the following questions: "What was the initial purchase? When was the initial purchase? Who was the initial purchase from? What was the amount of the debt? Did plaintiff fail to pay the debt? When did plaintiff fail to pay the debt? Who does plaintiff believe was the creditor? When did the assignment take place?" <u>See</u> Doc. No. 5, p. 4. Defendant indicates that the better practice would be for plaintiff to attach a copy of the retail installment contract to the Complaint, as an exhibit, so there is no question concerning the allegations. Defendant argues that the contract is the "central document" to this litigation. <u>See</u> Doc. No. 5, p. 5.

The problem with defendant's argument is that this case is not a contract dispute. Rather, this case allegedly arises out of defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq. Defendant's acts which allegedly violated the FDCPA are <u>telephone calls</u>

made to plaintiff. The questions referenced by defendant regarding plaintiff's installment contract are not directly relevant to whether defendant made abusive telephone calls to plaintiff in violation of the FDCPA, and the Court finds that plaintiff should not be required to make allegations regarding same in her FDCPA complaint. Similarly, plaintiff is not required to attach a copy of her installment contract to her complaint. The Court finds that plaintiff's complaint, in its current form, is not unintelligible, and defendant should be able to frame a response. Defendant's motion for more definite statement (Doc. No. 4) is **DENIED.**

## IV. CONCLUSION

For the above-stated reasons, defendant's motion (Doc. No. 4) is **DENIED.**

**IT IS SO ORDERED.**

Date: 03/04/11　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge